UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

CRISTINO RODRIGUEZ MORA and
ADAN LOPEZ CRESPO,

       Defendants.

No. 2:10-cr-00320 MCE

**MEMORANDUM & ORDER**

On Thursday, April 14, 2011, the parties appeared before this Court regarding Defendants' Motion to Suppress. Specifically, Defendants requested an evidentiary hearing, or in the alternative, requested the Court suppress statements and evidence related to a search conducted on Defendants' "residence," in violation of their Fourth Amendment rights, and the rights established by <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

///
///
///

## BACKGROUND

In July 2010, law enforcement identified an approximately 1500-plant marijuana grow in Six Rivers National Forest. In the early hours of July 22, 2010, agents entered an encampment near the plants, and with their weapons drawn, ordered the sleeping Defendants to show their hands in Spanish. Defendants were placed in handcuffs and law enforcement inquired as to whether there were other people in the encampment and if any guns were present. Neither Defendant was read their Miranda rights until after this initial interrogation took place. As officers pulled Defendant Mora from his sleeping bag, they found a loaded .22 caliber pistol under him. In response to the preliminary interrogation, Defendant Crespo volunteered that there was another firearm located underneath the sleeping platform where the Defendants had been sleeping. Law enforcement did not have a search warrant.

## ANALYSIS

In their motion, Defendants raise two issues: (1) any answers Defendants provided to law enforcement before they were read their rights should be suppressed in violation of <u>Miranda</u>; and (2) Defendants had a reasonable expectation of privacy in the "dwelling," making a warrantless search improper.
///
///
///
///

1    While generally a defendant in custody is entitled to be
2 informed of his constitutional rights before any interrogation, a
3 public safety exception exists.  Any custodial statement obtained
4 in absence of Miranda need not be suppressed if law enforcement
5 obtained the statement in light of an objectively reasonable need
6 to protect either the police or the public from immediate danger.
7 See United States v. DeSantis, 870 F.2d 536, 539 (9th Cir. 1989)
8 (citing New York v. Quarles, 467 U.S. 649, 659-59 (1984)).  In the
9 instant case, the questions posed to and answered by the Defendants
10 were only to protect the other officers and ensure the surrounding
11 area was properly secure. The questions were not designed to trick
12 or incriminate Defendants. See DeSantis, 870 F.2d at 540.
13 Therefore, Defendants' statements do not merit suppression.
14    The crux of the dispute regarding the Fourth Amendment
15 surrounds the nature of the dwelling, or the raised platform upon
16 which Defendants were sleeping.  To determine whether a warrantless
17 search violates the Fourth Amendment, courts must examine whether
18 there was a "subjective expectation of privacy," and if the
19 expectation is "objectively reasonable."  United States v.
20 Sandoval, 200 F.3d 659, 660 (9th Cir. 2000).[1]
21 ///
22 ///
23 ///

---

[1] In Sandoval, the Ninth Circuit held that the Defendant had a reasonable expectation of privacy because, even though he was on public property, his closed, four-sided tent was "virtually impenetrable." Id.  That is not the case here, as Defendants' "dwelling" was not enclosed on all four sides, and was easily visible from the public path through the forest. (See Def. Opp., ECF No. 23, at 4.)

3

The Court considered pictorial and video evidence of the area in question. The "dwelling" was simply a sleeping platform wedged between two trees, obscured within the vegetation of the tree canopy. The platform was covered by a tarp held with rope between trees that served as a shelter from the elements and created a sort of open-air encampment. There were no sides, doors, or windows, and nothing of a quasi-permanent nature included in the structure.

As stated on the record, the Court's review indicates that the tarp over the platform was nothing more than akin to an umbrella, covering Defendants from the elements. The sleeping area as constructed did not, and could not, constitute a structure with any subjective or objectively reasonable expectation of privacy.

**CONCLUSION**

For the reasons stated above, Defendants' Motion to Suppress (ECF No. 18) is DENIED.

IT IS SO ORDERED.

DATED: May 9, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE